# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 31, 2023

Lyle W. Cayce
Clerk

No. 22-10498
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Tyrique Raashad Wesley,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:21-CR-211-2

_____

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Tyrique Raashad Wesley pleaded guilty to one count of possession of a stolen firearm. The district court sentenced Wesley to 105 months in prison to be followed by three years of supervised release. The district court arrived at this sentence by applying a two-level enhancement under U.S.S.G.

_____

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-10498

§ 2K2.1(b)(1)(A) to Wesley's offense level because the offense involved three or more firearms. Wesley challenges this enhancement on appeal. We review the district court's "application of the Sentencing Guidelines *de novo* and [its] factual findings—along with the reasonable inferences drawn from those facts—for clear error." *United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013).

The district court found that Wesley had stolen two firearms and had constructive possession of a third—a Glock pistol found under a mattress with one of the stolen firearms. Constructive possession refers to the "ownership, dominion, or control over [a] firearm or the premises in which it was concealed or recovered." *United States v. Hagman*, 740 F.3d 1044, 1049 (5th Cir. 2014). "In cases of joint occupancy, this court will find constructive possession only when there is some evidence supporting at least a plausible inference that the defendant had knowledge of and access to the illegal item." *United States v. Meza*, 701 F.3d 411, 419 (5th Cir. 2012) (internal quotation marks, citation, and emphasis omitted).

Wesley argues that there was no evidence to show that he was in constructive possession of the Glock pistol. Contrary to Wesley's argument, the presence of one of the stolen firearms in the same place as the Glock pistol supports the inference that he had access to and knowledge of the contents of the location containing the firearms. Also, ammunition and an ammunition clip of the same caliber as the Glock pistol were found in the front center console of the vehicle in which Wesley fled the scene of the crime. That Wesley's possessions found in the residence were not found in the same room as the Glock pistol and proof that his codefendant also had knowledge of the Glock pistol do not negate the plausible inference that he had knowledge of the presence of the Glock pistol or access to it. *See Meza*, 701 F.3d at 419.

No. 22-10498

The district court did not clearly err in finding that Wesley's offense involved three firearms or in imposing the related two-level enhancement. *See Alcantar*, 733 F.3d at 146.

AFFIRMED.